UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
STATE OF LOUISIANA

| | | |
|---|---|---|
| **KELLEY BIENVENU,** | * | **CIVIL ACTION NO.:** |
| **Plaintiff** | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAG. JUDGE:** |
| **FAMILY DOLLAR, INC., FAMILY** | * | |
| **DOLLAR STORES OF LOUISIANA,** | * | |
| **INC., JOHN DOE AND ABC** | * | |
| **INSURANCE COMPANY** | | |
| **Defendants** | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## PETITION FOR REMOVAL

Defendants, Family Dollar, Inc. and Family Dollar Stores of Louisiana, Inc., file this Petition of Removal pursuant to 28 U.S.C. §§1332 and 1441, and hereby remove this matter from the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana, to the docket of this Honorable Court on the grounds set forth below:

1. Plaintiff, Kelley Bienvenu, filed her Petition for Damages on October 25, 2021, against Family Dollar, Inc., Family Dollar Stores of Louisiana, Inc., John Doe and ABC Insurance Company. (See Plaintiff's Petition for Damages, attached hereto and marked as Exhibit "A").

2. Defendant, Family Dollar, Inc., was served through its registered agent for service of process, Corporation Service Company, with a copy of the Citation and Petition on October 8, 2021. (See service of Process Notice and Citation attached hereto *in globo* and marked for identification as Exhibit "B").

3. Defendant, Family Dollar Stores of Louisiana, Inc., was served through its registered agent for service or process, Corporation Service Company, with a copy of the Citation and Petition on October 8, 2021. (See service of Process Notice and Citation attached hereto *in globo* and marked for identification as Exhibit "C").

3. The suit seeks damages from Family Dollar, Inc. and Family Dollar Stores of Louisiana, Inc. for personal injuries allegedly sustained by plaintiff, as a result of an incident that occurred at Family Dollar located at 9455 E. Park Avenue, Houma, Louisiana at Terrebonne Parish, on October 20, 2020.

4. Plaintiff's Petition for Damages is silent as to the amount in controversy.

I. **REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. § 1332.**

5. 28 U.S.C. § 1332 provides the federal district court with concurrent original jurisdiction in cases where the matter in controversy exceeds the sum of or value of $75,000.00, exclusive of interest and costs, and is between citizens of different States. 28 U.S.C. § 1332(a)(1).

A. **THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00.**

6. The Fifth Circuit has explained that for purposes of establishing removal jurisdiction, a defendant may demonstrate that the amount in controversy exceeds $75,000.00, in either of two ways: (1) by demonstrating that it is facially apparent from the petition that the claim likely exceeds $75,000.00, or (2) by setting forth *the facts* in controversy-preferably in the removal petition, but sometimes by

affidavit-that support a finding of the requisite amount. *Grant v. Chevron Phillips Chemical, Co.,* 309 F.3d 864, 868 (5th Cir. 2002) (emphasis in original) (quoting *Allen v. R &H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995)).

7. In Paragraph 9 of plaintiff's Petition for Damages, plaintiff, Kelley Bienvenu, claims she "suffered severe and disabling injuries."

8. Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm,* No. 06-560, slip op. (E.D. La. June 7, 2006); *DeAguillar v. Boeing Co.,* 47 3rd 1404 (5th Cir. 1995).

9. According to correspondence received from plaintiff's counsel on November 19, 2021, plaintiff alleged her medical expenses total $14,120.00 and demanded settlement in the amount of $500.000.00; the plaintiff's demand, and all medical records attached thereto, have been attached in globo as Exhibit "D."

10. According to the plaintiff's medical records, she sustained neck and back injuries as a result of the alleged accident. A cervical MRI conducted on February 15, 2021 showed: 1) straightening of cervical lordosis, disc space narrowing and spondylosis at C6-7; 2) Facet hypertrophy producing left foraminal narrowing at C3-4; 3) Left-sided 1.4 mm disc herniation at C4-5; 4) Generalized disc bulge at C5-6; 5) Spondylosis with facet and joint uncinate hypertrophy producing borderline severe foraminal narrowing at C6-7; and 6) Right-sided 3.5 mm disc herniation with annular fissure at C7-T1. Plaintiff also had a lumbar MRI on February 15, 2021,

which showed: 1) A 7.5 mm offset of L4 relative to L5 with 2.4 mm spondylosis; 2) Broad-based annular fissure at L2-3; 3) Disc bulge at L3-4; 4) Uncovering of the disc at L4-5, with central subligamentous cranial migration; and 5) Disc bulge at L5-S1.10. Exhibit 5. Plaintiff has since been scheduled to undergo a medial branch block at C4, C5 and C6. In other personal injury cases involving similar alleged injuries, Louisiana courts have awarded general damages that range from approximately $120,000.00 to over $1,000,000.00. For example, in *Barnett*, the plaintiff had cervical and lumbar injuries that were treated by rhizotomy, only. *Barnett v. Woodburn*, 2020 CA 0675 (La. App. 1 Cir. 04/16/21). The plaintiff was awarded $120,000.00 in general damages. *Id.* In *Hill*, the plaintiff alleged an aggravation of pre-existing cervical and lumbar injuries, that were treated with a total of five epidural steroid injections and two radiofrequency ablations, only. *Hill v. Turner Industries Group LLC*, 70991 (40th JDC 09/26/19). The plaintiff was awarded $250,000.00 in general damages. *Id.* In *Rentrop*, the plaintiff alleged cervical herniations with aggravation of pre-existing degenerative disc disease and ultimately had a discectomy and cervical fusion, as well as a lumbar discectomy and fusion. *Rentrop v. Arch Ins. Co.*, 2017-0635 (La. App. 1 Cir. 12/29/17), 241 So.3d 357. The plaintiff was awarded $1,025,000.00 in general damages. *Id.*

11. Defendants, Family Dollar, Inc. and Family Dollar Stores of Louisiana, Inc., propounded Interrogatories and Requests for Production of Documents to plaintiff. As of the date of this filing, plaintiff has not forwarded responses to same.

12. Defendants submit that based on the plaintiff's alleged injuries and medical treatment, and plaintiff's settlement demand in the amount of $500.000.00, the amount in controversy exceeds the minimum required for federal diversity jurisdiction, exclusive of interest and costs.

    **B.    COMPLETE DIVERSITY**

13. Defendant, Family Dollar, Inc., is a publicly traded Virginia corporation with its principal place of business in Chesapeake, Virginia.

14. Defendant, Family Dollar Stores of Louisiana, Inc., is a publicly traded Virginia corporation with its principal place of business in Chesapeake, Virginia.

15. Plaintiff, Kelley Bienvenu, is a resident of and domiciled in the Parish of Jefferson, State of Louisiana.

16. Accordingly, there is complete diversity of citizenship between the plaintiff and the defendants.

17. This is a civil action over which the United States District Court for the Eastern District of Louisiana has concurrent original jurisdiction under the provisions of 28 U.S.C. 1332, *et. seq.,* as the amount in controversy, evidenced by the plaintiff's settlement demand, exceeds **SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS ($75,000.00)**, exclusive of interest and costs, and complete diversity exists between all adverse parties.

**II.    DEFENDANT HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.**

18. Defendant, Family Dollar, Inc., was served through its registered agent for service of process, Corporation Service Company, with a copy of the Citation and Petition on October 8, 2021.

19. Defendant, Family Dollar Stores of Louisiana, Inc., was served through its registered agent for service or process, Corporation Service Company, with a copy of the Citation and Petition on October 8, 2021.

20. Plaintiff's Petition for Damages is silent as to the value of plaintiff's damages and/or the amount in controversy.

21. Plaintiff's Petition for Damages does not offer a binding stipulation that plaintiff will not seek to enforce any judgment that may be awarded in excess of $75,000.00, as would be required pursuant to *Davis v. State Farm*, No. 06-560, slip op. (E.D. La. June 7, 2006; *DeAguillar v. Boeing Co.*, 47 3rd 1404 (5th Cir. 1995).

22. Jurisdiction is founded on the existence of diversity jurisdiction under 28 U.S.C. 1332, which grants federal courts concurrent jurisdiction over claims where the matter in controversy exceeds the sum or value of **SEVENTY-FIVE THOUSAND AND NO/100 DOLLARS** (75,000.00), exclusive of interest and costs, and is between citizens of different States.

23. The Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana, is located within the Eastern District of Louisiana pursuant to 28 U.S.C. § 1441(a) because it is the district and division embracing the place where such action is pending.

24. No previous application has been made by Family Dollar, Inc. or Family Dollar Stores of Louisiana, Inc. in this case for the relief requested herein.

25. Pursuant to 28 U.S.C. 1446(a), a certified copy of the Thirty-Second Judicial District Court's record is attached hereto as Exhibit E. Pursuant to 28 U.S.C. 1446(a), a copy of this Petition for Removal is being served upon counsel for plaintiff, and a Notice of Removal is being forwarded to be filed with the Clerk of Court for the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana, and sent to the counsel for plaintiff.

26. Defendants, Family Dollar, Inc. and Family Dollar Stores of Louisiana, Inc., desire and is entitled to a trial by jury of all issues.

**WHEREFORE**, defendants, Family Dollar, Inc. and Family Dollar Stores of Louisiana, Inc., hereby remove this action from the Thirty-Second Judicial District Court for the Parish of Terrebonne, State of Louisiana, to the docket of the United States District Court for the Eastern District of Louisiana.

Respectfully submitted,

**THE TRUITT LAW FIRM**
A Limited Liability Company

*/s/ Jack E. Truitt*
JACK E. TRUITT, BAR NO. 18476, T.A.
LOU ANNE MILLIMAN, BAR NO. 23869
MICHELLE MAYNE DAVIS, BAR NO. 23027
LAUREN A. DUNCAN, BAR NO. 37105
149 North New Hampshire Street
Covington, Louisiana 70433

Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Family Dollar, Inc. and Family Dollar Stores of Louisiana, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on December 17, 2021.

*/s/ Jack E. Truitt*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
STATE OF LOUISIANA

| | | |
|---|---|---|
| **KELLEY BIENVENU,** | * | **CIVIL ACTION NO.:** |
| **Plaintiff** | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAG. JUDGE:** |
| **FAMILY DOLLAR, INC., FAMILY** | * | |
| **DOLLAR STORES OF LOUISIANA,** | * | |
| **INC., JOHN DOE AND ABC** | * | |
| **INSURANCE COMPANY** | | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF ST. TAMMANY**

BEFORE ME, the undersigned authority, personally came and appeared:

**JACK E. TRUITT, ESQ.**

who, after being duly sworn by me, did depose and state:

1. I represent the defendants, Family Dollar Inc. and Family Dollar Stores of Louisiana, Inc., in the above-captioned matter.

2. On November 19, 2021, my office received the attached correspondence from plaintiff's counsel, alleging that the plaintiff's total medical expenses are $14,120.00 and demanding settlement in the amount of $500,000.00. Exhibit D.

3. Based on the plaintiff's demand and attached medical records, the nature and extent of the plaintiff's alleged injuries and the plaintiff's current medical expenses, it is my estimation that the good faith amount in dispute exceeds $75,000.00, exclusive of interest, costs and fees. This does not mean that the defendants would not challenge the occurrence of the

alleged accident, the cause of the alleged accident, the alleged negligence of the defendants, and/or the causation of any damages from the alleged accident.

4. All of the allegations contained in the Petition for Removal herein filed are true and correct to the best of my knowledge, information and belief.

5. The foregoing statements have been made based on my own personal knowledge, information and belief.

_____
JACK E. TRUITT, ESQ.

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 17th DAY
OF DECEMBER, 2021.

_____
NOTARY PUBLIC

KELLI M. BRITT
NOTARY PUBLIC
STATE OF LOUISIANA
ID # 62807
COMMISSIONED FOR LIFE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
STATE OF LOUISIANA

| | | |
|---|---|---|
| **KELLEY BIENVENU,** | * | **CIVIL ACTION NO.:** |
| **Plaintiff** | * | |
| | * | **JUDGE:** |
| **VERSUS** | * | |
| | * | **MAG. JUDGE:** |
| **FAMILY DOLLAR, INC., FAMILY** | * | |
| **DOLLAR STORES OF LOUISIANA,** | * | |
| **INC., JOHN DOE AND ABC** | * | |
| **INSURANCE COMPANY** | | |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## CERTIFICATE

I hereby certify that an exact copy of the above and foregoing Petition for Removal, including the original notice, attached hereto, was this date served upon, Clerk of Court, Thirty-Second Judicial District Court, Parish of Terrebonne, Louisiana and Plaintiff, through her counsel of record, Kurt Offner, Esq., 909 Poydras Street, Suite 1625, New Orleans, Louisiana, 70112 and Joe Rochelle, Esq., 110 Avenue of Oaks, Destrehan, Louisiana 70047 by depositing copies of same in the United States Mail, postage pre-paid, on December 17, 2021.

Respectfully submitted,

**THE TRUITT LAW FIRM**
A Limited Liability Company

_s//Jack E. Truitt_
JACK E. TRUITT, BAR NO. 18476, T.A.
LOU ANNE MILLIMAN, BAR NO. 23869
MICHELLE MAYNE DAVIS, BAR NO. 23027
LAUREN A. DUNCAN, BAR NO. 37105
149 North New Hampshire Street

Covington, Louisiana 70433
Telephone: (985) 327-5266
Facsimile: (985) 327-5252
Email: mail@truittlaw.com
Counsel for Dollar Tree Stores, Inc. (incorrectly named as Dollar Tree)

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been duly served on all counsel of record by depositing same into the U.S. Mail, postage pre-paid, and/or by hand and/or by facsimile and/or by electronic means on December 17, 2021.

_s//Jack E. Truitt_